# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS VICTOR MONTGOMERY,
 Appellant,

v.

DEPARTMENT OF THE TREASURY,
 Agency.

DOCKET NUMBER
DC-0731-15-0154-I-1

DATE: May 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Victor Montgomery, Centreville, Virginia, pro se.

John F. Schorn, and Kevin McEvoy, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant alleged that during a second interview for a Training Specialist position, the agency's selecting official made him a verbal tentative offer, but that offer was later rescinded. *See* Initial Appeal File (IAF), Tab 1. He filed a Board appeal, asserting that the agency made a negative suitability determination and "Fail[ed] to Honor Offer of Employment," and he requested a hearing. *Id*. at 3-4. The appellant further alleged that the agency committed several prohibited personnel practices (PPPs) and violated the Veterans Employment Opportunities Act of 1998 (VEOA). *See* IAF, Tabs 1, 5-6, 8. The administrative judge informed the parties that she docketed a separate appeal to address the appellant's VEOA allegations. *See* IAF, Tab 15; *see also Montgomery v. Department of the Treasury*, MSPB Docket No. DC-3330-15-0465-I-1. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 16, Initial Decision (ID). In pertinent part, the administrative judge explained that the agency's alleged tentative selection was never finalized and formalized, the appellant was not appointed to a federal position, and he never

entered on duty, nor was there any showing that the Office of Personnel Management was involved in any suitability determination or that the agency was acting pursuant to any delegated authority in this regard. *See* ID at 4. The administrative judge thus concluded that the agency's alleged decision to rescind the verbal offer of employment was a nonselection for a specific position, which was outside the Board's jurisdiction. *See* ID at 5. The appellant filed a petition for review, the agency filed a response, and the appellant filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      On review, the appellant challenges the administrative judge's conclusion that the agency's action constitutes a nonselection. PFR File, Tab 1 at 4. He also asks for reconsideration based on *Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254 (2014), *Launer v. Department of the Air Force*, 119 M.S.P.R. 252 (2013), and *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245 (2010). PFR File, Tab 1 at 4. The appellant concedes that he was not barred from any federal register, nor was his eligibility for any position canceled. *Id.* He contends, however, that his employment potential at the agency was "negatively impacted," and he states that the Board can infer a suitability action because the agency's Legal and Security Departments were involved in reviewing his Optional Form (OF) 306 as part of the selection process. *Id.* at 4-5. For the following reasons, the appellant's petition for review does not persuade us that a different outcome is warranted.

¶4      The record reflects that, in September 2014, the agency acknowledged receipt of the appellant's OF 306 and requested additional information regarding two prior convictions for disorderly conduct. *See* IAF, Tab 10 at 11-13. The record further reflects that in November 2014, the agency informed the appellant that he was not the "best candidate" for the position "based on [his] unprofessional behavior as an applicant." IAF, Tab 1 at 9. In that

correspondence, the agency explained that "one example" of the appellant's unprofessional behavior was an October 3, 2014 email that he sent to the agency's selecting official, which stated, among other things, that the selecting official was "unprofessional" and "not man enough to admit what [he] said" and that he (the appellant) would not want to work for someone who "backtracks, flip flops, and does not honor his word." *Id.* at 9-11. The agency's November 2014 correspondence does not refer to the appellant's OF 306 or any information contained therein. *See id.* at 10-11.

¶5 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, an unsuccessful candidate for a federal civil service position has no right to appeal his nonselection. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). Under the suitability regulations, only a "suitability action" may be appealed to the Board. *See Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); *see also* 5 C.F.R. § 731.501(a). A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. 5 C.F.R. § 731.203(a). A nonselection for a specific position is not a "suitability action" even where it is based on the criteria for making a suitability determination as set forth in 5 C.F.R. § 731.202.[2] *See Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 9 (2009); *see also Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b). Thus, even if the agency's decision not to select the appellant for the Training Specialist was based, in part, on his prior convictions as described in his OF 306, the appellant has not nonfrivolously alleged that the agency's action constitutes a suitability action over which the Board has jurisdiction.

---

[2] Factors that may be considered include misconduct or negligence in employment, criminal or dishonest conduct, and material, intentional false statement, or deception or fraud in examination or appointment. *See* 5 C.F.R. § 731.202(b).

¶6      The appellant's citations to *Modeste*, *Launer*, and *Graves* are unavailing because those cases discuss VEOA and do not concern suitability actions. For these reasons, we affirm the administrative judge's decision to dismiss the appeal for lack of jurisdiction without holding the appellant's requested hearing.[3]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

---

[3] Although not specifically mentioned by the administrative judge in the initial decision, it is implied in that decision that the Board also lacks jurisdiction to hear the appellant's assertion that the agency's action constituted PPPs. *See, e.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.